**MATTHEW S. AGBAOSI**
8451 SVL Box
12815 Santa Anita Ter
Victorville, CA 92395-5169
Phone: 760-646-0466
Email: magbaosi@yahoo.com

FILED
CLERK, U.S. DISTRICT COURT

06/01/2020

CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

FEE PAID

I/S

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

MATHEW S. AGBAOSI

                  PLAINTIFF,

vs.

WILLIAM BARR, ATTORNEY GENERAL, CYNTHIA SWAIN, WARDEN, FEDERAL CORRECTIONAL INSTITUTION VICTORVILLE, VICTORVILLE, CALIFORNIA; KEVIN YOUNG, ASSOCIATE WARDEN (AW) AT VICTORVILLE, SANDRA JOHN, SUPERVISOR OF EDUCATION AND DOES 1-10, INCLUSIVE,

              DEFENDANTS.

CASE NO. 5:20-cv-01123-JGB(KKx)

**COMPLAINT FOR TITLE VII DISCRIMINATION DAMAGES IN EMPLOYMENT:**
  **1. RACE/NATIONAL ORIGIN**
  **2. GENDER**
  **3. REPRISAL;**
**AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967;**
**42 U.S.C. 1986 DAMAGES**

**DEMAND FOR JURY TRIAL**

## COMPLAINT

Plaintiff brings this suit to seek compensation and redress for harms suffered as a result of Defendant U.S. Department of Justice, Federal Correctional Complex, Victorville and the conduct as alleged herein of its responsible managing official and agents, and Defendant's ratification and retaliation that followed, in violation of **42 U.S.C. 1986, Title VII of the Civil Rights Act of 1964**, and **Age Discrimination in Employment Act of 1967 (ADEA)**.

///

///

## I.

## JURISDICTION AND VENUE

1.     Jurisdiction is conferred on the United States District Court because the Federal Government, (Department of Justice, Bureau of Prisons, United States Prison, Federal Corrections Complex at the Victorville, California)  is a Defendant.  Additionally, this is a case arising under **42 U.S.C. § 1986, Title VII of the Civil rights Act of 1964 and 1971, 42 U.S.C. § 2000d** *et seq.*, **Age Discrimination in Employment Act of 1967 (ADEA)** the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.  Plaintiff has exhausted his administrative remedies by filing timely EEO claims and a formal Equal Employment Opportunity Commission claims on or about June 21, 2018 for conduct occurring during April through June of 2018 and are ongoing.  Remedies sought through the EEOC were not concluded within six months, and the injuries and violations were continued and are cumulative.

2.     Venue is proper in this District pursuant to **28 U.S.C § 1391(b)(2)** because the events or omissions giving rise to the claims occurred in this District at the United States Department of Justice (DOJ), Bureau of Prisons (BOP), United States Prison (USP), Federal Corrections Institution (FCI) at the Federal Corrections Complex (FCC) located at Victorville, California where Plaintiff was employed at all times relevant herein.

## II.

## PARTIES

3.     Defendant, William Barr, is the United States Attorney General, and top official of the DOJ, BOP, and the agency who employed Plaintiff at all relevant times, at the location of the Federal Correctional Complex, Victorville "FCC Victorville" or "Defendant". The Federal Bureau of Prisons agency's headquarters are located in Washington D.C.

4.      Plaintiff Mathew S. Agbaosi ("Agbaosi" or Plaintiff) at all times relevant was employed by Defendant as Assistant Supervisor of Education, GS-1710 at FCC Victorville through its employee and agents, all of whom were acting within their scope of employment and/or agency during the events described herein.

5.      At all time relevant, Defendant acted under color of authority and law through its Responsible Managing Officer (RMO) employees and agents, all of whom were acting within their scope of employment and/or agency during the events described herein, endorsing and ratifying the acts of each other as alleged herein.

6.      Plaintiff is informs and believes and based thereon alleges that Defendant DOES 1-10 whose names and identities are currently unknown to him are is some way responsible for the causes of actions and liable to Plaintiff as alleged herein and will amend the Complaint when their true identities are known to Plaintiff.

## III.

## FACTS COMMON TO ALL CAUSES OF ACTION

7.      Plaintiff Agbaosi hereby refers to and re-pleads each and every allegation contained in Paragraphs 1 through 6, inclusive of this Complaint and by this reference hereby makes each a part hereof as if set in forth fully.

8.      Plaintiff Mathew S. Agbaosi, "Agbaosi", is an African-American male of West African origin, and an employee of USDOJ FBOP at FCC Victorville and the Assistant Supervisor of Education, a position he has held since April 2012.  Plaintiff worked for the agency for 21 years since April 1998 and always performed at Exceeds or above.

9.      The Agency's Anti-Harassment Policy (PS 3713.26) codified that harassment is a violation of EEO laws when "Generally, [when] harassment [is] severe and pervasive to constitute a violation of law."  All of the

Responsible Managing Officials referenced herein of Defendant were incessant in their deliberate harassment of the Plaintiff. The Agency did not act to stop these actions, though reported, in sufficient time to stop the damages to Plaintiff as alleged herein.

10.   At all times relevant herein, the RMOs are Herberto Tellez, Warden, Federal Prison Camp, Yankton South Dakota; Cynthia Swain, Warden, Federal Correctional Institution Victorville, Victorville, California; Kevin Young, Associate Warden (AW) at Victorville, Sandra John, Supervisor of Education at Victorville, California.

11.   Plaintiff first contacted EEO on or about June 9, 2018, alleging continuing discrimination, a formal EEOC complaint on or about June 21, 2018 and Amended claims on or about July 20, 2018, and his claims have been continuing and are cumulative.

## IV.

## FIRST CAUSE OF ACTION

## DISCRIMINATION BASED UPON RACE/NATIONAL ORIGIN

### As Against William Barr, and Does 1-5

12.   Plaintiff Agbaosi hereby refers to and re-pleads each and every allegation contained in Paragraphs 1 through 11, inclusive of this Complaint and by this reference hereby makes each a part hereof as if set in forth in full.

13.   The Federal Correctional Complex, Victorville at U.S. Department of Justice, Federal Bureau of Prisons is a federal agency and subject to all EEO laws and the US Constitution and Title VII of the United States Code.

14.   During 2018, Plaintiff received the highest enrollment of inmates at Victorville in his classes.

15.   Plaintiff's inmate classes are intended and created to help inmates overcome economic, social, or other, disadvantages which prevent inmate

populations in general from access to an American education,. The educational opportunities offered inmates by Defendant DOJ/BOP is intended also to give aid to inmates to avoid recidivism and to help after discharge to help them integrate into society as a law abiding citizen with goals to succeeding in their lives and to leave behind forever a past life of crime. In achieving the highest and best enrollment into his classes, which is voluntary on the part of inmates, Plaintiff also received the third highest enrollment in classes in the Western Region of the United States Penitiary system.

16.    Plaintiff through his efforts, achieved the highest in his institution and third highest in the Region.

17.    Despite these achievements and others, Plaintiff was downgraded in his performance evaluation. Any white person who achieved these numbers would have received an Outstanding and award as Employee of the Year, but because Plaintiff is not a white male or female, he instead was over-scrutinized in his efforts to enforce the rules and regulations of Defendant against subordinates who are not "black" and not foreign born or born in Africa, and downgraded in his performance evaluations because of his race and national origin.

18.    Plaintiff in his effort to follow the rules, regulations, laws and written policy of Defendant, issued to his subordinates warnings and discipline from time to time as necessary to enforce the rules, regulations, and policies. One of these subordinates, a white female who appears under forty, and who was married to a while male ranking officer who also worked at FCC Victorville, received a memo regarding her tardiness. Rather than correct her misconduct, the white female subordinate retaliated in a vile and racial manner against Plaintiff for his enforcement of Defendant's policy. Additionally, the subordinate's ranking officer husband wrote a memo to Plaintiff in an effort to threaten him and deter him from carrying out Plaintiff's duties as a

**COMPLAINT FOR TITLE VII DAMAGES**

supervisor of his wife.

19.    On about May 24, 2018, the white female subordinate placed a caricature of Plaintiff with handwritten racist statement on Plaintiff's associate's desk and which purported to belittle Plaintiff due to his African origin.  Both the associate and Plaintiff reported the incident to Warden Tellez but nothing was done and the proffered reason was that it was placed on the associate's desk but not Plaintiff's desk.  Plaintiff was undermined in his supervisory role, humiliated, subjected to ridicule and racial shaming, and his work environment because hostile and derisive toward him.  Plaintiff was so hurt and outraged, that he was perceive as an angry black man who posed a threat of violence, and on March 29, 2018, Plaintiff was then compelled by Defendant to attend a threat assessment evaluation and as a result given training, for no legitimate business reason, given that Plaintiff's emotional response was a justifiable and appropriate reaction to the racial humiliation and belittling of him.  When Plaintiff complained that another white male colleague who had been charged with sexual harassment and other offensive behavior was not required to take training.  Defendant's response was that the threat assessment and training was completely voluntary.  However, Plaintiff had been forcibly removed from his class room while teaching his inmate students and his efforts motivated by shock and surprise compelled him to question why he could not finish his class first were rebuffed. When Plaintiff questioned why he was being removed [in such a humiliating manner], he was told to "stop being so arrogant and proud" by the white male who removed him from the class room.  Demonstrably removing Plaintiff from the classroom in front of his students was unnecessary for any legitimate business purpose and was solely intended to humiliate Plaintiff and undermine his authority and performance and to target him because of his race and national origin.  Plaintiff was proud of his race and national origin and this fact

6
**COMPLAINT FOR TITLE VII DAMAGES**

infuriated and inspired racial hatred against him as described above and below.

20.   Defendant, despite complaints by Plaintiff about the racial shaming and ridicule of his national origin, race and skin tones, including beginning March 12, 2018 (concerning the actions of Tracy Ford), refused to do anything about the hostile work environment, claiming it was Plaintiff's job to discipline a subordinate further, and also claimed that the memo threatening Plaintiff was a "mistake" because the ranking officer husband of the tardy and racist subordinate only intended to send his email to his wife (Ford), despite the lack of credulity and legitimacy of this excuse.  Defendant accepted this statement by the white ranking officer as true, and when an employee of Defendant asked the white female subordinate to remove the picture, she refused, claiming she wanted Plaintiff to see it, because she was aware that she would suffer no discipline and lauded and approved for doing it.

21.   This blatant racist action is not an isolated incident in that it permeated the work environment, harmed Plaintiff emotionally, and defamed him as the black male aggressor for expressing his natural human emotions which Plaintiff expressed in a controlled and dignified manner.  The position of Defendant was that since the white female was his subordinate and it was incumbent upon him to discipline her further was cruel and had the intended effect of endorsing the conduct of the white female and white male married couple.

22.   Additionally, the white female was so encouraged to engage in blatant disrespect for Plaintiff because of his race, gender, and national origin, and Defendant's failure and refusal to take action to stop her conduct, she then began to leave early more often, and wait in her car in the parking lot on multiple occasions after waiting for Plaintiff to pass her car as if to challenge him to do anything about her misconduct.  Plaintiff reported this as he felt

he was being stalked, but no action was taken and she continued this practice during February 2018 through July 19, 2018. Again, Defendant admonished Plaintiff to counsel or discipline the white female for her stalking when Defendant had failed repeatedly to support Defendant as a Supervisor, as Defendant did for other, non-black Supervisors similarly situated to Plaintiff.

23. Additionally, Plaintiff sent a memo complaining about a supervisor who is not considered "black" nor African American in origin who left a radio in the multi-gender restroom, which presented a safety hazard. Nothing was done regarding Plaintiff's complaint. However, management responds quickly to memos and complaints by others who are white or not identified as "black" or are native born Americans.

24. The severe or pervasive nature of the harassment and discrimination against Plaintiff because of his race and national origin is actionable under EEOC laws and agency policy at PS 3713.26. The conduct complained of here was continuous, ongoing and pervasive as alleged herein.

25. Federal Bureau of Prisons employees and agents with authority, power and discretion to stop the discrimination and retaliation remained deliberately indifferent by taking no meaningful step to protect Plaintiff because he is African in origin and of the "black" race.

26. The discrimination against Plaintiff continued by Defendant despite Plaintiff's complaints and in violation of **Title VII of the Civil Rights Act of 1964, as amended.**

27. The actions as alleged above were targeted at Plaintiff because of his race, and the reasons for the actions were not true and used as a pretext to cover a true motivation to deprive Plaintiff of the same conditions and privileges of employment as non-African Americans as such constitute unlawful discrimination in employment.

28. As a proximate cause of the race and national origin discrimination by

Defendant and work environment hostile to him because of his race and national origin, Plaintiff suffered adverse job consequences, such a lowered performance evaluations, was ostracized, lowered vouchers preventing Plaintiff from transferring out the hostile work environment, loss of promotability, ostracism, deprived of the same conditions and privileges of employment as non-African Americans, suffered humiliation, emotional, mental, and physical pain and suffering, damage to his immune system, sought medical treatment, incurred attorney fees, loss of income and miscellaneous damages.

## V.

## SECOND CAUSE OF ACTION

## VIOLATIONS OF AGE DISCRIMINATION

## IN EMPLOYMENT ACT OF 1967 (ADEA)

### As Against All Named Defendants

29.    Plaintiff Agbaosi hereby refers to and re-pleads each and every allegation contained in Paragraphs 1 through 28, inclusive of this Complaint and by this reference hereby makes each a part hereof as if set in forth in full.

30.    At all times relevant, Plaintiff, who was over fifty at the times alleged herein, was not given the same conditions and privileges of employment given to younger employees, and in particular by superviosor, Sandra John.

31.    Despite achieving the highest classroom attendance at FCI VV, and the third highest in the Western Region, Plaintiff's performance was increasingly downgraded.

32.    When Plaintiff began to suffer physically from the hostile work environment as described above and below, he was given a schedule of medical  appointments, which he gave to his supervisor, Sandra John. However, Sandra John wrote Plaintiff up for being late, and threatened Plaintiff with charged him as AWOL and claimed she was never told about

COMPLAINT FOR TITLE VII DAMAGES

his appointments, which was untrue.

33.    Sandra John greeted and was openly friendly during the working hours with younger employees, under forty and younger, while she never greeted Plaintiff nor the other older employees.    John's demeanor toward Plaintiff openly disdainful unlike the younger employees.

34.    The discrimination against Plaintiff continued by Defendant despite Plaintiff's complaints and in violation of **42 U.S.C. 1986, Age Discrimination in Employment Act of 1967 (ADEA).**

35.    The actions as alleged above were targeted at Plaintiff because of his age, and the reasons for the actions were not true and the true motivation was to deprive Plaintiff of the same conditions and privileges of employment as younger similarly situated employees and as such constitute unlawful discrimination in employment.

36.    As a proximate cause of the age discrimination by Defendant and work environment hostile to himr because of his age, Plaintiff suffered adverse job consequences, such a lowered performance evaluations, loss of promotion to Unit Manager, lowered vouchers preventing Plaintiff from transferring out the hostile work environment, loss of promotability, ostracism, deprived of the same conditions and privileges of employment as similarly situated employees under forty, suffered humiliation, emotional, mental, and physical pain and suffering, damage to his immune system, sought medical treatment, incurred attorney fees, loss of income and miscellaneous damages.

### VI.

### THIRD CAUSE OF ACTION FOR VIOLATION OF

### TITLE VII–RETALIATION/ HARASSMENT

### As Against William Barr, and Does 1-5

37.    Plaintiff Agbaosi hereby refers to and re-pleads each and every allegation contained in Paragraphs 1 through 36, inclusive of this Complaint

**COMPLAINT FOR TITLE VII DAMAGES**

and by this reference hereby makes each a part hereof as if set in forth in full.

38.    The Federal Correctional Complex, Victorville at U.S. Department of Justice, Federal Bureau of Prisons is a federal agency and subject to all EEO laws and the US Constitution and Title VII of the United States Code.

39.    Since July of 2018, soon after Plaintiff filed his discrimination and previously after an EEOC claim years prior, and since and in between both sets of complaints, Plaintiff also made multiple verbal complaints about the ever increasing and accumulating racial, gender and age discrimination by Defendant and its RMA's began a course of retaliation against Plaintiff.

40.    Defendant retaliated against Plaintiff by overscrutinzing his attendance and work, tolerating discrimination in a memo which attributed to Plaintiff the characteristic of 'hating white women', which is completely false, and wrote Plaintiff up for attending medical appointments for which he had given advance notice as necessary absences.

41.    As a proximate cause of Defendant's retaliation for filing claims of discrimination an verbal complaints, Plaintiff suffered adverse job consequences, such a lowered performance evaluations, loss of promotions to Unit Manager, lowered vouchers preventing Plaintiff from transferring out the hostile work environment, loss of promotability, ostracism, deprived of the same conditions and privileges of employment as similarly situated employees who had not made discrimination claims with the EEO and EEOC, suffered humiliation, emotional, mental, and physical pain and suffering, damage to his immune system, sought medical treatment, incurred attorney fees, loss of income and miscellaneous damages.

**VII.**

**FOURTH CAUSE OF ACTION IN VIOLATION OF**

**SECTION 1986 – SUPERVISORY LIABILITY**

**As Against Herberto Tellez, Cynthia Swain, Warden, Kevin Young, Sandra John,and Does 1 - 5.**

42.   Plaintiff Agbaosi hereby refers to and re-pleads each and every allegation contained in Paragraphs 1 through 41, inclusive of this Complaint and by this reference hereby makes each a part hereof as if set in forth in full here.

43.   Plaintiff has exhausted his administrative remedies pursuant to the Federal Tort Claims Act (**28 U.S.C. § 2671, *et seq***) by presenting the relevant claims on or about March 12, 2018.  A true and correct copy of the SF 95, Claim for Damage or Injury claim is attached hereto as **Exhibit 1**.

44.   Despite Plaintiff's claims and complaints during 2017 and 2019, Defendants  failed and refused to stop nor prevent the discrimination and hostile work environment and denied it existed, in violation of **42 U.S.C. 1986**. As alleged above, Plaintiff filed multiple complaints, verbally and in writing, but the discrimination and hostile work environment only increased and worsened.

45.   All acts complained of hereinabove, were done within the course and scope of the duties of each of the individually named Defendants.

46.   BOP had the means to stop, retrain, or discipline its employees from engaging in reprisal activity because the agency has a Duty to Report policy, anti-harassment policy, and non-retaliation policy for reporting infractions and is obligated to comply with **42 USC 1986** for failure to prevent discrimination, but instead told Plaintiff since he was a supervisor, that he had to stop the discrimination and harassment himself when he was the victim and target and had been undermined in his authority.

47.   As a proximate cause of Defendants violations of **42 U.S.C. 1986**, suffered invidious discrimination and hostility against him because of his inalienable characteristics, suffered adverse job consequences, such as lowered

**COMPLAINT FOR TITLE VII DAMAGES**

performance evaluations, loss of promotion to Unit Manager, lowered vouchers preventing Plaintiff from transferring out the hostile work environment, loss of promotability, ostracism, deprived of the same conditions and privileges of employment as similarly situated employees who had not made discrimination claims with the EEO and EEOC, suffered humiliation, emotional, mental, and physical pain and suffering, damage to his immune system, sought medical treatment, incurred attorney fees, loss of income and miscellaneous damages.

Wherefore, Plaintiff prays for judgment as follows:

1. General damages in an amount of not less than $350,000.00;

2. Statutory damages as relevant.

3 Costs of litigation;

4. Reasonable attorney fees pursuant to **42 U.S.C. Section 1988** of not less than $25,000.00;

5. Such other and further relief as the court deems appropriate and just.

DATED: May 20, 2020

_Mathew S. Agbaosi_
Mathew S. Agbaosi

\*\*\*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all allegations contained in this complaint that are triable by jury.

DATED: May 20, 2020

_Mathew S. Agbaosi_
Mathew S. Agbaosi

# Exhibit 1

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| EEO Office<br>Federal Bureau of Prisons - Central Office<br>320 First Street, NW<br>Room 1038<br>Washington, DC 20534 | Mathew Agbaosi<br>8451 SVL Box<br>Victorville, CA 92395 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 04/04/1963 | Single | 09/25/2018 | 0530 PM |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

On September 23, 2018 I received a letter from a Mr. Christopher Bentley of 10754 Kern Ave. Hesperia, CA 92394 of my EEO work related discrimination filing that was sent and signed by a Ms. Mina Raskin, EEO Director. The letter to Mr. Bentley detailed the issues raised in my discrimination filing and detailed additional personal information about me including my mailing address, the content of my complaint etc. The letter further designate Mr. Bentley as my representative. I did not know a Mr. Bentley nor did I designate him as my representative. On or about September 21, 2018 a Ms. Stacey Bentley approached me to expect a communication from her husband and explained that my

CONT. ON. PAGE 2. ATTACHED

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

Emotional, Physical and Career Damage - See attached

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Emotional Isolation
Professional Alienation
Abandonment

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Mr. Christopher Bentley | 10754 Kern Ave. Hesperia, CA 92394 |
| Mrs. Stacey Bentley | 10754 Kern Ave. Hesperia, CA 92394 |
| Ms. Modupe Iyoha | 8451 SVL Box Victorville, CA 92395 |

12. (See instructions on reverse). **AMOUNT OF CLAIM** (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| | $56,000.00 | | $56,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *[signature]* | 760-646-0466 | 04/28/2020 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

personal information was sent to him, and that he will be notifying me and the agency of the release of my personal information. Ms. Bentley confirmed that she read the communication and that her husband was upset about the Bureau of Prisons gross invasion of privacy and that he wrote a strongly worded letter to the Agency's representative regarding this communication. Ms. Stacey Bentley is the Assistant Food Administrator at the Federal Correctional Complex in Victorville, CA where I also worked as the Assistant Supervisor of Education. Although I do know Ms. S. Bentley as a work colleague I have never met Mr. Christopher Bentley on know anything of him. Prior to Ms. S. Bentley talking to me about this letter from Ms. Raskin I have started to hear rumors in the work place regarding my EEO filing from co-workers, subordinates and superiors tied to this letter to Mr. Bentley. The rumors and ill-will continued after the conversation with Ms. Bentley, and intensified thereafter with the friends and family of the two colleagues and supervisors who are the subject of my complaint beginning an active retaliation acts against me, including "mad-dogging" by the spouse of the subject of my complaint (Mr. Nicholas Ford) and his friends; denial of training and advancement opportunities by a supervisor, Ms. Sandra John).

Even after the notification letter of agency's negligence to me by Mr. Christopher Bentley around September 23, 2018 the agency did not contact me once to acknowledge or correct this.

The cumulative effect of this intentional act by the agency has caused my immense harm of distress, anxiety and panic attack.

I have taken a lot of time off work and during my free time to complete two counselling sessions and I am in active counselling currently to manage the effects of agency's action which have caused me irreparable damage both at work and in my community; I live in the same tri-city area that Mr. and Ms. Bentley resides. I have withdrawn from participation both in my work community and my work community because of the impact of the rumor mill, a direct effect of agency's action

I have attached the following as evidence to what I have suffered and lost:

1. The three page letter regarding my complaint sent to a third party. Notice the name and address of Mr. Christopher Bentley on page three (3) of this letter designating him as my representative.

2. A copy of the communication from Mr. Christopher Bentley to me and to the agency EEO Director, Ms. Mina Raskin. As noted previously, even after this letter the agency did not contact me to discuss how it intend to mitigate this violation of rights.

3. Cumulative annual and sick leave taken to care for the panic attack and anxiety. 772 hrs. @52.00/Hr.

4. Counselling sessions completed as a result of agency's action –

| Kemp Individual & Family Therapy, Inc.<br>14075 Hesperia Rd 101,<br>Victorville, CA 92395<br>(760) 810-0000 | Act Family Counselling<br>14360 St. Andrews R. Suite 11<br>Victorville 92395<br>760-985-8500 |
|---|---|
| Six(6) Counselling Sessions | Five(5) Counseling Sessions |
| 2019 | 2020 |

Attachment 1.
3) pages



**U.S. Department of Justice**

**Federal Bureau of Prisons**

---

*Washington, D.C. 20534*

**SEP 0 7 2018**

Mathew Agbaosi
8451 SVL Box
Victorville, California   92395

     Re:   <u>Agbaosi v. United States Department of Justice</u>
             EEO Complaint No. BOP-2018-0823

Dear Mr. Agabosi:

    This is in further response to your Complaint of Discrimination against the U.S. Department of Justice (DOJ), Federal Bureau of Prisons (Bureau), at the Federal Correctional Institution (FCI)-Medium I, Victorville, California.  Your Complaint, pursuant to Title VII of the Civil Rights Act of 1964, as amended in 42 U.S.C. § 2000e et seq., and implementing regulations at 29 C.F.R. § 1614, was received on July 23, 2018, and is considered as filed on July 20, 2018, the date of the postmark.  The Bureau acknowledged your Complaint by letter dated July 25, 2018.

    Specifically, you claim that the Bureau unlawfully discriminated against you on the bases of race (Black), sex (male), age (40+), national origin (West African), and reprisal when:

        From April 4, 2018 to July 19, 2018 you allege that you were subjected to harassment when you were aggressively coerced into attending a Threat Assessment meeting, your requests to Management asking why the meeting was called were ignored, a picture of you with a racial statement beside it was placed on your assistants desk, you received e-mail responses from a subordinates spouse addressing the directives given to her, a subordinate had her lieutenant friends come over to intimidate you about internal work processes, a subordinate stalked you, and due to a negative Duty to Report memo you wrote

1 of 3

against your supervisor, another person wrote false memos against you claiming you do not like white women.

You allege that on April 8, 2018, a training requirement was issued on you due to the outcome of the Threat Assessment.

You allege that on July 11, 2018, your supervisor accused you of not notifying her of your early departure and insisting you ensure your leave is documented correctly.

You allege you were issued a lowered yearly performance evaluation on April 19, 2018.

After careful consideration of the record in this matter, your allegations, as encapsulated above, have been accepted for investigation and assigned to **Adept Services**, a contract Equal Employment Opportunity (EEO) investigation firm.  An EEO investigator will conduct an investigation of the accepted issue of your Complaint in accordance with 29 C.F.R. § 1614.108 and the EEO regulations of the U.S. Department of Justice.  At the conclusion of the investigation, the EEO investigator will file a Report of investigation (ROI) and you will be provided a copy of the complete investigative file.

The EEO investigator will contact you, at which time a date will be set for the initial interview and investigation.  You are entitled to have a representative with you during the interview.  If you choose to have a representative, please ensure you provide his or her name and all pertinent contact information to the EEO investigator when you are initially contacted.  Failure to establish a prompt date for the initial interview, and the timely execution of your affidavit, could result in your Complaint being dismissed for failure to prosecute.  You have the additional responsibility of providing the EEO investigator with a list of witnesses that you wish to be interviewed and all documentation which you believe substantiates your claims.

Please be advised that your allegations of staff misconduct have been forwarded to the Office of Internal Affairs for their review and disposition.

During the processing of your complaint, you have the responsibility for notifying this office of any change of address or contact information for you and your representative and responding to requests for information from this office. You should always refer to your assigned EEO Complaint Number, BOP-2018-0823, in all correspondence and/or communication regarding this matter.

Ⓐ

2 OF 3

If you should have any questions concerning the processing of your Complaint, or matters of mutual concern, please contact Jearlean Marks, Management Analyst, of my staff at (202) 514-6165.

Sincerely,

Mina Raskin
EEO Officer

cc: Christopher Bentley (Representative)
    10754 Kern Avenue
    Hesperia, CA 92345

/jm

3 OF 3

Attachment 2
LETTER FROM MR CHRISTOPHER
BEATTIE 1 page

Mina Raskin, EEO Director
Federal Bureau of Prisons
320 First Street, N.W., Room 1038
Washington, DC 20534

Mathew Agbaosi
8451 SVL Box
Victorville, CA 92395

12 September 2018

RE:    Agbaosi v. United States Department of Justice
       EEO Complaint No. BOP-2018-0823

Director,

On 11 September 2018, I received copy of the attached (certified return receipt) letter which named
me as a Representative for Mr. Agbaosi in the above captioned EEO complaint.

I have never met Mr. Agbaosi and I have never been named or designated as his representative for
this or any other matter.

I do not understand why your office would engage in such a breach of confidentiality towards Mr.
Agbaosi in this matter.

This letter provided me with specifics of his case that should not have been released to a member
of the general public.

This letter and its attachment have been provided to Mr. Agbaosi to forward and deal with as he
sees fit. I am not his designated representative and have never been named as such.

Christopher Bentley
10754 Kern Ave.
Hesperia, CA 92345

1 OF 2



CERTIFIED MAIL

7015 1730 0000 2884 1915

Christopher Bentley
Representative
10754 Kern Avenue
Hesperia, California 92345

ment of Justice
eau of Prisons
W.
DC 20534
s
ne the $300

**Act Family Counseling**

14360 St. Andrews Dr. Ste 11

Victorville, CA 92395

442-255-4722

NICKFVV@YAHOO.COM


5/1/2020


Dear Matthew Agbaosi,


As per your request, this letter lists the dates of the sessions that you have attended here at Act Family Counseling.

4/09/2020, 4/17/2020, 4/24/2020, and 5/01/2020


If you should have any questions, please contact us at the number and/or email provided above.


Thank you

Jessica.E

Office Manager

*Attachment 4
. COUNSELING
2 PAGES*

Attachment 3
LEAVE USE
2) pages

PRODUCTION WEBTA 3.8.35 SP 3.1                                          Help   Logout

# Leave Request History

Result Page: **1** 2 3 Next Last 3

| | | | | | |
|---|---|---|---|---|---|
| ⦿ **Approved** Sick Leave | Apr 29 2020 | Apr 30 2020 | 2020-09 | 2020-09 | 16:00 |
| ○ **Approved** Sick Leave | Apr 17 2020 | Apr 20 2020 | 2020-08 | 2020-08 | 16:00 |
| ○ **Approved** Compensatory Time Off | Mar 25 2020 | Mar 25 2020 | 2020-06 | 2020-06 | 8:00 |
| ○ **Approved** Sick Leave | Mar 24 2020 | Mar 27 2020 | 2020-06 | 2020-06 | 16:00 |
| ○ **Approved** Sick Leave | Mar 20 2020 | Apr 10 2020 | 2020-06 | 2020-07 | 32:00 |
| ○ **Approved** Sick Leave | Mar 13 2020 | Mar 13 2020 | 2020-05 | 2020-05 | 8:00 |
| ○ **Approved** Sick Leave | Mar 10 2020 | Mar 10 2020 | 2020-05 | 2020-05 | 8:00 |
| ○ **Approved** Sick Leave | Mar 06 2020 | Mar 06 2020 | 2020-05 | 2020-05 | 8:00 |
| ○ **Approved** Time Off/Incentive Award | Feb 28 2020 | Feb 28 2020 | 2020-04 | 2020-04 | 8:00 |
| ○ **Approved** Time Off/Incentive Award | Feb 19 2020 | Feb 19 2020 | 2020-04 | 2020-04 | 8:00 |
| ○ **Approved** Time Off/Incentive Award | Feb 07 2020 | Feb 07 2020 | 2020-03 | 2020-03 | 6:00 |
| ○ **Approved** Time Off/Incentive Award | Jan 07 2020 | Jan 27 2020 | 2020-01 | 2020-02 | 8:00 |
| ○ **Approved** Annual Leave | Dec 16 2019 | Jan 03 2020 | 2019-25 | 2019-26 | 104:00 |
| ○ **Approved** Annual Leave | Dec 11 2019 | Dec 13 2019 | 2019-25 | 2019-25 | 22:30 |
| ○ **Approved** Annual Leave | Nov 22 2019 | Nov 22 2019 | 2019-23 | 2019-23 | 8:00 |
| ○ **Approved** Annual Leave | Nov 18 2019 | Nov 18 2019 | 2019-23 | 2019-23 | 8:00 |
| ○ **Approved** Annual Leave | Nov 08 2019 | Nov 08 2019 | 2019-22 | 2019-22 | 8:00 |
| ○ **Approved** Annual Leave | Oct 21 2019 | Oct 21 2019 | 2019-21 | 2019-21 | 4:00 |
| ○ **Approved** Leave Without Pay | Oct 17 2019 | Oct 17 2019 | 2019-21 | 2019-21 | 4:00 |
| ○ **Approved** Annual Leave | Oct 17 2019 | Oct 18 2019 | 2019-21 | 2019-21 | 16:00 |
| ○ **Approved** Annual Leave | Oct 11 2019 | Oct 11 2019 | 2019-20 | 2019-20 | 8:00 |
| ○ **Approved** Time Off/Incentive Award | Sep 20 2019 | Sep 20 2019 | 2019-19 | 2019-19 | 6:30 |
| ○ **Approved** Annual Leave | Sep 13 2019 | Sep 16 2019 | 2019-18 | 2019-19 | 16:00 |
| ○ **Approved** Annual Leave | Sep 10 2019 | Sep 10 2019 | 2019-18 | 2019-18 | 1:30 |
| ○ **Approved** Annual Leave | Sep 05 2019 | Sep 06 2019 | 2019-18 | 2019-18 | 16:00 |

Result Page: **1** 2 3 Next Last 3

View   Return

 **KRONOS**

1 OF 3

PRODUCTION WEBTA 3.8.35 SP 3.1                                                    Help   Logout

# Leave Request History

Result Page: First Prev 1 **2** 3 Next Last 3

| | | | | | | |
|---|---|---|---|---|---|---|
| ⊙ **Approved** Annual Leave | Aug 16 2019 | Aug 16 2019 | 2019-16 | 2019-16 | 8:00 |
| ○ **Approved** Leave Without Pay | Jul 19 2019 | Jul 19 2019 | 2019-14 | 2019-14 | 2:00 |
| ○ **Approved** Compensatory Time Off | Jun 24 2019 | Jun 24 2019 | 2019-13 | 2019-13 | 1:30 |
| ○ **Approved** Leave Without Pay | Jun 21 2019 | Jun 21 2019 | 2019-12 | 2019-12 | 2:00 |
| ○ **Approved** Annual Leave | Jun 14 2019 | Jun 14 2019 | 2019-12 | 2019-12 | 8:00 |
| ○ **Approved** Annual Leave | May 29 2019 | May 29 2019 | 2019-11 | 2019-11 | 1:00 |
| ○ **Approved** Annual Leave | May 23 2019 | May 23 2019 | 2019-10 | 2019-10 | 1:00 |
| ○ **Approved** Leave Without Pay | May 17 2019 | May 17 2019 | 2019-10 | 2019-10 | 2:00 |
| ○ **Approved** Annual Leave | May 06 2019 | May 10 2019 | 2019-09 | 2019-09 | 40:00 |
| ○ **Approved** Time Off/Incentive Award | Apr 29 2019 | May 03 2019 | 2019-09 | 2019-09 | 40:00 |
| ○ **Approved** Annual Leave | Apr 26 2019 | Apr 26 2019 | 2019-08 | 2019-08 | 8:00 |
| ○ **Approved** Sick Leave | Apr 05 2019 | Apr 05 2019 | 2019-07 | 2019-07 | 2:00 |
| ○ **Approved** Annual Leave | Mar 11 2019 | Mar 11 2019 | 2019-05 | 2019-05 | 1:00 |
| ○ **Approved** OWCP Injury Leave | Mar 08 2019 | Mar 08 2019 | 2019-05 | 2019-05 | 2:00 |
| ○ **Approved** OWCP Injury Leave | Feb 15 2019 | Feb 15 2019 | 2019-03 | 2019-03 | 2:00 |
| ○ **Approved** OWCP Injury Leave | Feb 08 2019 | Feb 08 2019 | 2019-03 | 2019-03 | 2:00 |
| ○ **Approved** OWCP Injury Leave | Feb 06 2019 | Feb 06 2019 | 2019-03 | 2019-03 | 2:00 |
| ○ **Approved** OWCP Injury Leave | Feb 01 2019 | Feb 01 2019 | 2019-02 | 2019-02 | 2:00 |
| ○ **Approved** OWCP Injury Leave | Jan 30 2019 | Jan 30 2019 | 2019-02 | 2019-02 | 2:00 |
| ○ **Approved** OWCP Injury Leave | Jan 23 2019 | Jan 23 2019 | 2019-02 | 2019-02 | 2:00 |
| ○ **Approved** Annual Leave | Jan 02 2019 | Jan 04 2019 | 2018-26 | 2018-26 | 24:00 |
| ○ **Approved** Annual Leave | Dec 17 2018 | Dec 31 2018 | 2018-25 | 2018-26 | 80:00 |
| ○ **Approved** OWCP Injury Leave | Nov 07 2018 | Nov 07 2018 | 2018-22 | 2018-22 | 2:00 |
| ○ **Approved** Annual Leave | Nov 01 2018 | Nov 01 2018 | 2018-22 | 2018-22 | 2:00 |
| ○ **Approved** Annual Leave | Oct 09 2018 | Oct 18 2018 | 2018-20 | 2018-21 | 56:00 |

Result Page: First Prev 1 **2** 3 Next Last 3

View | Return

KRONOS

2 of 3

PRODUCTION WEBTA 3.8.35 SP 3.1                                              Help   Logout

# Leave Request History

Result Page: First Prev 1 2 **3**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ◉ | **Approved** | OWCP Injury Leave | Sep 27 2018 | Sep 27 2018 | 2018-19 | 2018-19 | 2:00 |
| ○ | **Approved** | OWCP Injury Leave | Sep 26 2018 | Sep 26 2018 | 2018-19 | 2018-19 | 2:00 |
| ○ | **Approved** | Annual Leave | May 18 2018 | May 18 2018 | 2018-10 | 2018-10 | 8:00 |
| ○ | **Approved** | Time Off/Incentive Award | Apr 27 2018 | Apr 27 2018 | 2018-08 | 2018-08 | 8:00 |
| ○ | **Approved** | Annual Leave | Apr 25 2018 | Apr 26 2018 | 2018-08 | 2018-08 | 16:00 |
| ○ | **Approved** | Time Off/Incentive Award | Apr 05 2018 | Apr 05 2018 | 2018-07 | 2018-07 | 8:00 |
| ○ | **Approved** | Annual Leave | Dec 18 2017 | Jan 12 2018 | 2017-25 | 2018-01 | 144:00 |
| ○ | **Approved** | Annual Leave | Dec 11 2017 | Dec 15 2017 | 2017-25 | 2017-25 | 40:00 |
| ○ | **Approved** | Annual Leave | Nov 29 2017 | Dec 04 2017 | 2017-24 | 2017-24 | 2:00 |
| ○ | **Approved** | Annual Leave | Oct 27 2017 | Oct 27 2017 | 2017-21 | 2017-21 | 3:00 |
| ○ | **Approved** | Annual Leave | Oct 16 2017 | Oct 16 2017 | 2017-21 | 2017-21 | 4:00 |
| ○ | **Approved** | Annual Leave | Oct 05 2017 | Oct 05 2017 | 2017-20 | 2017-20 | 2:00 |
| ○ | **Approved** | Annual Leave | Sep 29 2017 | Sep 29 2017 | 2017-19 | 2017-19 | 4:00 |
| ○ | **Approved** | Annual Leave | Sep 27 2017 | Sep 27 2017 | 2017-19 | 2017-19 | 2:30 |
| ○ | **Approved** | Annual Leave | Sep 05 2017 | Sep 06 2017 | 2017-18 | 2017-18 | 16:00 |
| ○ | **Approved** | Annual Leave | Aug 18 2017 | Aug 18 2017 | 2017-16 | 2017-16 | 1:30 |
| ○ | **Approved** | Time Off/Incentive Award | Jul 17 2017 | Jul 17 2017 | 2017-14 | 2017-14 | 3:00 |
| ○ | **Approved** | Time Off/Incentive Award | May 15 2017 | May 15 2017 | 2017-10 | 2017-10 | 8:00 |

Result Page: First Prev 1 2 **3**

View   Return

**KRONOS**

3 of 3